JOSEPH COLUCCI ET AL., PLAINTIFFS, v. NATIONAL
EQUITABLE INVESTMENT COMPANY, INCORPORATED,
AND E. H. SPENCE & COMPANY, INCORPORATED, DE-
FENDANTS.

Argued March 24, 1925—Decided May 26, 1925.

**Practice—Order of Chief Justice—Rule to Show Cause Why
Order Should Not be Set Aside—Question Whether Chief
Justice Acted as a Justice or as a Branch Court by Consent
—From Examination of Record It is Apparent That the
Order Signed is an Order of Supreme Court and Reviewable
Only by Appeal.**

On motion to vacate attachment, &c.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the motion, *Robert Carey* and *Harry Lane.*

*Contra, George W. McCarter.*

PER CURIAM.

The defendant National Equitable Investment Company,
Inc., gave notice that it would "move before the New Jersey
Supreme Court for a rule to show cause why the rule signed
by the Chief Justice denying the motion for an order vacat-
ing and quashing the order for and writs of attachment issued
in the above-entitled cause should not be set aside and
vacated, and an order granted vacating and quashing the said
order for and writs of attachment; or, in the alternative,
shall move at said time and place, for an order vacating said
order of the Chief Justice, and vacating and quashing the
said order for and writs of attachment, issued in the above-
entitled cause."

The plaintiffs object to the present motion upon the ground
(among others stated in the brief) "that the Chief Justice
acted, not as a justice, but as a branch court *by consent,*" and
this, it seems, the defendant does not deny in its brief. .

Turning now to the record we make the following observations:

The notice of the original motion was entitled in the Supreme Court, and was broad enough in its language to indicate either a motion before the Chief Justice or a motion before the Supreme Court.

The order signed by the Chief Justice, after hearing the motion, was entitled in the New Jersey Supreme Court, and recited that it was heard by *"the court,"* and ordered that the motion be denied, and that the rule denying this motion be entered in the minutes of the court.

In this situation it seems quite plain that the Chief Justice was acting as a branch court by consent.

Our conclusion, therefore, is that the order signed by the Chief Justice is the order of the Supreme Court, and is reviewable only by appeal. *Dubelbeiss* v. *West Hoboken,* 81 *N. J. L.* 98; *Hanford* v. *Duchastel,* 87 *Id.* 205.

This conclusion is in harmony with, but is not dependent upon, the undenied assertion of consent in the briefs.

The present motion will be denied.